WALDEN, Judge.
The appealed orders in these consolidated cases effectively ended the litigation by granting summary judgment in one and granting motion to dismiss in the other. We are of the opinion that the trial court acted prematurely and in violation of procedural law; and thus, we reverse.
Appellant, Royal Palm Beach Colony, Inc., owned and developed a condominium project known as Greenway Village South. It was built in four stages. Each stage became a condominium association. As the project was completed it was turned over to the unit owners. Each Declaration of Condominium contained identical recreational leases. The appellees are the several associations.
Pursuant to the leases’ escalation clauses, appellant, Royal Palm Beach, increased the rent in accordance with the consumer price index. The appellees, the Associations, refused to pay.
The Associations sought declaratory relief and asserted that the escalation clauses were unlawful and unenforceable (Appeal No. 83-143). The trial court granted summary judgment in favor of the Associations based on a finding that the escalation clauses were void as a matter of public policy and hence were unenforceable. Royal Palm Beach appeals.
In the county court, Royal Palm Beach sued the Associations for rent pursuant to the escalation clauses. The trial court granted the Associations’ motion to dismiss based on a finding that the leases were contrary to public policy. Royal Palm Beach appeals (Appeal No. 83-197).
We are of the opinion that, according to Florida Rule of Civil Procedure 1.510(c), there were genuine issues of material facts which stood in the way of a determination that the Associations were entitled to judgment as a matter of law. (Appeal No. 83-143).
In summary and without unduly laboring it, the summary judgment improperly determined that because the recreational lease appeared to contain all nine prohibited elements listed in Section 718.-122(1), Florida Statutes (1977), it was unconscionable as a matter of law, and no genuine issues of material fact remained. However, the statute creates only a presumption of unconscionability that may be rebutted upon a showing of additional facts and circumstances to justify and validate what otherwise appears to be an unconscionable lease. Additionally, the summary judgment failed to address and to resolve several affirmative defenses raised by the appellant, in particular:
1. The statute of limitations operated to bar the proceedings.
2. The appellant had tendered full disclosure, thereby negating alleged unconscionable sales practices.
3. The various recreational leases were executed prior to the effective date of Section 718.401(8)(a), Florida Statutes (1981) which declared void as against public policy such rent escalation clauses.
As to Appeal No. 83-197, it is basic that the well pled allegations of a complaint are to be taken as true when faced by a motion to dismiss. The grounds for the motion to dismiss were these:
1. Whether pursuant to Section 718.122, Florida Statutes (1977) the recreational lease was facially unconscionable because it contained all nine elements which raise a presumption of unconscionability; and
2. Whether pursuant to Section 718.-401(8)(a), Florida Statutes (1981) the rent escalation clause was against public policy and therefore unenforceable. Applicability of the statute was effective only if the condominium documents adopted future amendments to the Condominium Act.
The complaint, without here reproducing it, clearly stated an action for rent so that the Associations’ defenses would necessarily *1036 have to be pleaded and proved. Critically, the issue was whether or not the parties intended to be bound by future amendments to the Condominium Act. This decision, in light of the allegations of the complaint, could not be decided against Royal Palm Beach upon motion to dismiss.
We reverse as to both appeals and remand for further proceedings consistent herewith.
REVERSED and REMANDED.
ANSTEAD, C.J., and DOWNEY, J., concur.